**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re: VINNY'S LEASING CORPORATION, | ) ) ) ) | Case No. 09-63487-LYN<br><br>Chapter 7 |
| Debtor, | ) | |

## MEMORANDUM

This matter comes before the court on a motion to dismiss this chapter 7 case by Granite/Horse Pen Creek, LLC ("Granite") pursuant to 11 U.S.C. §§ 105 and 305(a). Vinny's Leasing Corporation ("the Debtor") opposes the motion. Because dismissal of this case would have no effect on the rights of the Debtor or any of the creditors and because this case will be closed upon the resolution of this motion, the motion to dismiss will be denied.

*Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). Consequently, this Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

1

*Facts*

Granite owns real property in Greensboro, North Carolina ("the Real Property"). In 2007, Granite leased the Real Property to the Debtor under a lease ("the Greensboro Lease") for the purpose of operating a restaurant. Granite asserts that Salvatore Vitale guaranteed the Debtor's obligations under the Greensboro Lease. In November of 2008, F.N.L., Inc., ("FNL") assumed the Debtor's rights and responsibilities under the Greensboro Lease. Granite asserts that Vince Vitale and Frank Giaimo guaranteed FNL's obligations under the terms of the Greensboro Lease. Granite asserts that FNL failed to make payments due under the Greensboro Lease. On August 26, 2009, Granite filed a complaint ("the State Court Complaint") in the General Court of Justice, Superior Court Division for Guilford County, North Carolina ("the North Carolina State Court Action"). The State Court Complaint named FNL, the Debtor, Salvatore Vitale, Vince Vitale, and Frank Giaimo as defendants and sought more than $100,000.00 in damages for breach of the Greensboro Lease.

On October 30, 2009, the Debtor filed the above-styled chapter 7 petition. The Debtor scheduled no income from operations during the fiscal years 2007, 2008, and 2009. The Debtor scheduled no assets other than the Greensboro Lease and a lease in a shopping center known as Burlington Station ("the Burlington Station Lease"). The Debtor has rejected both leases. The Debtor has four creditors: (1) Granite; (2) Frank Giaimo as a co-debtor on the Greensboro Lease; (3) Vince Vitale as a co-debtor on the Greensboro Lease; and (4) the Rees 511, LLC, lessor under the Burlington Station Lease.

The chapter 7 trustee has filed a report of no assets.

*Discussion*

Granite brings the motion under 11 U.S.C. §§ 105(a) and 305(a)(1).  Section 105(a) provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."   Granite cites In re Kestell, 99 F.3d 146, 1467 (4th Cir. 1996) for the proposition that "bankruptcy courts have traditionally drawn upon their powers of equity to prevent abuse of the bankruptcy process and to ensure that a case be commenced in 'good faith' to reflect the intended policies of the Code . . ."  Granite argues that this case should be dismissed under Section 105 because it implicates no legitimate bankruptcy purpose.  Section 105(a), however, does not give rise to such an argument.

> Section 105(a) uses the term "provisions" and not the term "purposes" in describing the bankruptcy court's power to effect the mandate of the Bankruptcy Code.   The statutory language thus suggests that an exercise of section 105 power be tied to another Bankruptcy Code section and not merely to a general bankruptcy concept or objection.

2 Collier on Bankruptcy, §105.01[a] "Power of Court" (15th ed. Rev.).   Section 105, in and of itself, is not sufficient to form a basis to grant the motion to dismiss.  The motion is better considered under Section 305.

Section 305(a)(1) provides that the "court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if . . . the interests of creditors and the debtor would be better served by such dismissal or suspension . . ."  It is applicable only in narrow circumstances.  Although it is not limited to involuntary cases, its purpose is to prevent the commencement and continuation of disruptive involuntary cases.  2 Collier on Bankruptcy, §305.01[1] "Abstention" (15th ed. Rev.).

Under section 305(a)(1), dismissal is only proper if the interests of the creditors and the debtor would be better served by such dismissal.  See, e.g., Eastman v. Eastman (In re Eastman), 188 B.R. 621, 624-35 (9th Cir. B.A.P. 1995).  The interests of the debtor and of all creditors are

3

to be analyzed separately.   That is to say, the test is not a balancing of the benefits between the debtor and creditors.  Rather, the dismissal must be in the best interest of the debtor *and* must be in the best interest of the creditors.   The party seeking dismissal bears the burden of proof.  <u>See</u>, e.g., <u>In re Sherwood Enterprises, Inc.</u>, 112 B.R. 165, 167 (Bankr. S.D.Tex 1989).

In this case, the effect on the Debtor would be the same whether the motion to dismiss is granted or denied.  If the motion to dismiss is granted, the Debtor will receive no discharge, the discharge injunction will not become effective, and Granite will be permitted to continue prosecuting the State Court Action against the Debtor.  The Debtor will have received no benefit from the prosecution of this case other than the temporary imposition of the automatic stay.

If the motion to dismiss the case is denied, the effect will be the same.  The Debtor will not receive a discharge because it is not an individual.  <u>See</u> 11 U.S.C. § 727(a)(1).  This means that the Debtor will not receive the benefit of the discharge injunction provided for at 11 U.S.C. § 524(a)(2).  Because the discharge injunction will not be in effect, and because the temporary stay against the commencement or continuation of acts against the Debtor will terminate by statute upon the closing of the case, <u>see</u> 11 U.S.C. § 362(c)(2), Granite will not be enjoined from continuing the prosecution of the State Court Action against the Debtor upon the closing of this case.  Whether the motion to dismiss is granted or denied will have no effect upon the plight of the Debtor or Granite's ability to prosecute the State Court Action against the Debtor or the other defendants in the State Court Action.

Nor will creditors generally be affected by the resolution of the motion to dismiss.  The trustee has filed a report of no distribution.   The creditors will not receive a dividend, whether or not this case is dismissed.

*Conclusion*

The dismissal of this case would have no effect upon the legal fortunes of either the Debtor or the creditors.  The prosecution of this bankruptcy case to fruition will not preclude Granite from prosecuting the State Court Action against the Debtor or the other defendants in the State Court Action.  Accordingly, it cannot be said that dismissal would better serve the interests of either the Debtor or the creditors in this bankruptcy case.  The motion to dismiss will therefore be denied.

**ORDER**

The motion of Granite/Horse Pen Creek, LLC to dismiss this case shall be, and hereby is, denied.

Upon entry of this memorandum the Clerk shall forward copies of this memorandum to John M. Perry, Esq., R. Mitchell Garbee, Esq., and the chapter 7 trustee.

Entered on this  10th  day of February, 2010.

William E. Anderson
United States Bankruptcy Judge